## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-6656 FMO (JEMx) | Date | August 27, 2018 |
|---|---|---|---|
| Title | Fabric Selection, Inc. v. Nana USA, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal For Lack of Personal Jurisdiction and/or Improper Venue

On August 2, 2018, plaintiff Fabric Selection, Inc. ("plaintiff") filed a Complaint alleging causes of action for direct, vicarious, and/or contributory copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., against defendants Nana USA, Inc. ("Nana"), a New York corporation, and Danice Stores, Inc. ("Danice"), also a New York corporation, (collectively, "defendants"). (See Dkt. 1, Complaint).

As an initial matter, on "claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Systems Incorporated v. Blue Source Group, Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010)) (internal quotation marks omitted).

"[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007). Plaintiff's bare allegations that Nana and Danice are "doing business in the State of California," (see Dkt. 1, Complaint at ¶¶ 5-6), are insufficient to support specific personal jurisdiction in California.[1] As a whole, the Complaint's allegations "are more notable for their omissions than their substance." Holland America Line Inc. v. Wartsila North America, Inc., 485 F.3d 450, 455 (9th Cir. 2007). "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." Walden v. Fiore, 571 U.S. 277, 286, 134 S.Ct. 1115, 1123 (2014).

Based on the foregoing, IT IS ORDERED that:

---

[1] The court also notes that plaintiff does not allege that Nana and Danice are foreign corporations registered and authorized to do business in the state of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6656 FMO (JEMx) | Date | August 27, 2018 |
|---|---|---|---|
| Title | Fabric Selection, Inc. v. Nana USA, Inc., et al. | | |

      1. If plaintiff still wishes to pursue this action, it is granted until **September 4, 2018**, to file a first amended complaint attempting to cure the deficiencies set forth above. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

      2. Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |